Good morning and welcome to the 9th Circuit Court of Appeals. We are delighted to see you here in the courtroom with us. I'm really happy to be back in business. Good morning. My name is Morgan Christen. I'm one of the judges on the circuit court. My chambers are in Anchorage, Alaska, and I'm sitting this week—it's my pleasure to sit this week with Judge Bress, also a circuit court judge. His chambers are here in San Francisco, and we are delighted to thank and welcome Judge Feinemann, who's here as a volunteer, which we really appreciate, to help us out on our calendar in from Chicago. We have submitted a case, and I want to make sure I get that for the record, please. Case number 20-10316, United States v. Masa Ariegos, is submitted on the record. We will not be having argument in that case today. The first case for argument is Cruz v. Price, which is case number 19-16191. Let me just do a sound check. We have one counsel participating by video. Can you hear us? I can hear you just fine, Your Honor. Okay, great. We can hear you as well. And so, when you're ready, we'll go ahead and start to hear your argument. Good morning, Your Honors. Andrea St. Julian on behalf of the appellant, Peter Casey Cruz. This court has certified for appeal the issue of whether the district court properly dismissed Mr. Cruz's petition based on the younger habeas grounds. I will start with that certified issue. But before I do, I'd like to give a little context. Mr. Cruz has been a pretrial detainee in the California system for 15 years. I wish I could say that that's an anomaly, but it is not. I would like the court to understand the context in which Mr. Cruz appeals. As the case law cited by Mr. Cruz in his opening brief shows, there are often pretrial detainees, civil detainees who are detained for 5, 10, 15 years or more. This is a problem that is endemic within the system of California civil detention and civil commitment, and for that reason, I think it is particularly important that this court look at the matter in that context and address it in that manner. May I ask a question about that? Please. We see these cases periodically, and I'll just speak for myself. My eyes pop open when I see these periods of detention, and then what I typically see, before we even get to your case, but since you did mention it, is almost a revolving door of lots and lots and lots of counsel and many, many continuances and a pattern of the defendant joining in those continuances. Is that also typical? Yes. That is very, very typical for many reasons, and if the court hadn't— Oh, I just—you know, it's sort of a blind man describing the elephant. We see a few of these—I'm one person, so I just say a few of them pop up every once in a while. They're very notable, and that is my observation. So if you think that's typical, I think you've answered my question. I don't want to use up all your time. Yes, that certainly is typical. But why—do you have any understanding of why Mr. Cruz's counsel, who I don't think is you, it's other counsel, have agreed to these continuances? In the most recent instance, it seemed that the state was prepared to go forward, and then Mr. Cruz's counsel sought a continuance. Yeah. I think that the issue is not that there is a counsel. The issue is that there are many counsel, and that is the problem. The counsel are changed regularly. The prosecutors are changed regularly. I've detailed and listed all of the judicial officers that have been on this case, all of the defense counsel that have been on this case, all of the prosecutors that have been on this case, and that is the problem. You know, one case speaks of a Hobson's choice, right? You are constantly getting new counsel. What are you going to tell your new counsel? Oh, no, no, I don't want you to be prepared for trial. I want you to go ahead and do a trial, even though you just got on the case and, you know, you don't know anything about it. Or I want you to go ahead and have a trial, even though my psychological evaluations need to be updated, which takes quite a bit of time, and that's the state that does that. The state seems to suggest, make this veiled suggestion that Mr. Cruz has an interest in delaying the trial. Is there any merit to that? You know, I find that probably one of, I see that argument often, and it's probably one of the most ridiculous arguments I've ever heard. What defendant or what pretrial detainee is going to say, I know how I'm going to get out of detention. I'm not going to have a trial and stay detained. I'm going to stay detained for 15, 17 years, so I'm not going to be detained. That simply is nonsensical. Built into the SVP system is that, you know, if you are civilly committed, you can always come back and ask for, you know, the matter to be revisited and show that you are no longer worthy of being committed. So that possibility is always there. So could I just interject in response to Judge Press's question? I mean, I read it the same way. If the idea is that it's to his benefit to avoid the hearing because the hearing's not going to go well for him, your response is the one you just gave, but if he were to have his hearing and not prevail, and then he's civilly committed, then he could request, and he'd be back in the same system, though. That would certainly take a period of, with new evaluations, it would take a period of what, a couple years or so at best, if I'm understanding the system correctly. Is that right? Well, I'm not sure, Your Honor, but one of the things is that at this point, because he's civilly detained, he is, the system does not require that he have periodic evaluations. Right. If he is civilly committed, the state is required to periodically give him psychological evaluations for the very purpose of him being able to say, I am no longer. At what interval? I believe it's every six months. Oh, all right. Thank you. We haven't gotten that far, so. Yeah, so there is nothing to support an assertion that it is better to remain a civil detainee than it is to have your trial and be committed and then be afforded all the rights that you get. So, I mean, just to transition, we took you a little off track here, but these are important. I'm glad to hear these comments from you just to help understand this better, but just to advance it a little more to the abstention issue. I mean, you've pointed out some arguable breakdowns in the system. Then the question is, who should be looking at those breakdowns in the first instance? Should it be the state court system or should it be the federal courts? And at least the claim that was raised below, which you didn't represent, Mr. Cruz, I don't think, but it was pro se, is one that I think runs into some abstention issues. The one you've raised on appeal, which is a little different, seems to have a better path, at least as far as abstention goes. So then the question is, what do we do with that? And I'm reluctant to reach an issue that wasn't raised below, but I guess I'd like your take on what kind of claim you think can be advanced and how this should best be accomplished. Yeah, his detention is clearly a violation of his Fourth Amendment rights, without a doubt. That issue has not been forfeited. It is an issue squarely before this court. In fact, this court certified for appeal the younger abstention issue. And this case is on all fours with Page versus King, where that court found that the Fourth Amendment violation required a reversal of the dismissal. The Fourth Amendment right was not specifically named in Page at all, a case I'm very familiar with since I was appellate counsel on that case. And also, there is no argument. Mr. Cruz was not required to raise the younger abstention issue below. It's not an argument. It's not his argument. Younger abstention was the decision. But it's more what he's challenging. I don't think he challenged the probable cause finding below. He challenged the delay below. And now I think there's a kind of pivot to say, well, let's challenge the probable cause finding, because under Page, we can do that without running into abstention. And the concern I have is I just don't think that was put before the district court. I would beg to differ, Your Honor. He does say in his petition specifically that there was material legal error in his probable cause hearing. Counsel, you're not arguing, just to be clear, I understand your position that it wasn't forfeited, but you're not arguing that there's a ruling from the district court, are you? No, no. I'm sorry. I was trying to answer the question asked. Those are two very separate issues. Right. And so if we decide that it's not forfeited, we're now down to about a minute here, but if we decide it's not forfeited, but we don't have a ruling, Judge Bress has indicated, I think I can join him and say we would be very reluctant to reach an issue in the first instance. I think that is the question pending. Is it your position that we should remand to get a ruling? Or is it your position that we should reach it in the first instance? In the first instance, it should be reversed because it should not have been dismissed on abstention grounds. I have also requested certain uncertified issues be certified. And on that basis, if you do certify those issues and agree with them, we would ask that you actually dismiss the petition and remand. Do you have a backup plan? Do you have an alternative request? Sure, sure. Simply to remand the matter, finding that Younger does not apply, and then allow Mr. Cruz to proceed in the district court on the basis of his arguments. Are you willing to continue to represent him? I am willing. I generally do not do district court. But yes, I think that he should have trial counsel, and he should be represented below. Do you have additional questions? No, I don't. Thank you so much. We'll hear from our present counsel. Good morning, Your Honors. May it please the Court. I'm Cameron Goodman for the Attorney General of California. In the district court, Petitioner asked for an injunction. He wanted to stop the trial. In the appellate argument here, the claim pivoted to a pretrial release claim. That district court claim never involved a pretrial release argument. Okay, so I think that that's established, at least from my perspective. But what do we do then? Because he's now raised another claim, a probable cause claim that doesn't have an abstention bar. He was pro se below. I think he could probably refile a new 2241 petition tomorrow with that new claim, and you'd have whatever defenses you would have, which would be no different than if this were remanded. So what do you think is the path forward here? Well, this Court cannot grant relief on the instant petition. If he wants to file a new petition with a pretrial release claim, Petitioner is certainly entitled to do so. But on the instant petition, where the district court only encountered really claims seeking an injunction, one claim of relief, this Court cannot grant relief on a claim never presented in district court. Is it your position that we can't remand to get a ruling on this claim? The claim was never made in the first place, so there's nothing to remand. The district court couldn't have erred, and that's why this Court would remand, is because the district court somehow erred or overlooked a claim. Do you think the argument was forfeited? It was never made in the first place. Is that a yes, counsel? Is that a yes? I'm not trying to make this hard. I'm trying to have a clear communication. Yes. All right. But your colleague on the other side said that it was raised below,  The phrase used in the petition and referenced by opposing counsel today was material legal error. That does not raise a claim for pretrial release, not even under the liberalist construction of the petition below. Material legal error, it's vague. And as the district court reviewed the petition, our motion to dismiss, the district court found that the one form of relief sought was an injunction, not pretrial release. Article III courts are passive instruments of justice, as the U.S. Supreme Court recently held in Sinning Smith. They don't present claims for parties. They don't choose claims for parties without the parties presenting the claims. Well, it's been presented at length in the opening brief. The question is, is it forfeited? And if so, or if we can't reach it, what's the consequence? Let me ask you a somewhat different question, which goes to where your opposing counsel began her argument. Can you comment on the length of delay in these kinds of cases, and in this case in particular, in terms of bringing this gentleman to trial? The length of delay, as counsel concedes, is not extraordinary, which might explain why. It's not extraordinary for SVP cases? It's extraordinary. But it's not extraordinary or an anomaly. It's not unique in SVP cases. In SVP cases. Exactly. SVP cases are an anomaly, sir. Yes, because it's a unique legal process. It's not... The man's been waiting 15 years for a hearing, right? He's never demanded a hearing. Not in state court. We're having trouble getting our questions answered. Judge Bress asked a pretty simple question. And you haven't been subtle. I started by saying, you know, these cases make our eyes pop open, because this is the United States of America we're in, and this man's been waiting 15 years for a hearing, right? So it's tough for me to hear your argument on behalf of the state, saying that this is not anomalous. That's not my argument. Counsel said it's not an anomaly today. Counsel, what is your position regarding Judge Bress's question? He's asked you to comment on this scenario. And your position is no problem? No there there? The state offers Petitioner a hearing every few months. As recently as April 2021, the state announced that it was ready to proceed with trial, I believe, the following day. Petitioner sought a continuance to substitute counsel. He is agreeing to the delay. Well, yeah, this is where I guess I want to hear more about, because I think when you look at the record, and I'm not even sure we have the full history on the decade-long process that's led to there not being a trial, but there have been many continuances requested, some by the state, some by him. He doesn't appear to have objected to maybe one of them. I can't, I'm not even sure that's accurate. In the most recent time, the state was prepared to go to trial and he sought a continuance. And so I don't, I guess I question how anyone would be happy with the present system. And so I'm curious from your perspective, from the state's perspective, where the fault lies here. Well, these, the state is offering petitioner the hearing and... And then the lawyer that the state appoints to represent the petitioner isn't ready to go to trial, so there's a continuance. Well, the attorney general or the Riverside County DA's office is not appointing the attorney here. But petitioner is entitled to counsel who is prepared, well-versed in the psychological evaluation. What's with the cycling in and out of the lawyers representing detainees in these cases? I can't comment on the specifics of why certain attorneys cycle in and out, why petitioner has many attorneys. But so just, you don't know why he does? I mean, even the general question, I'm not sure I know the answer to either. But how about here? Has he been repeatedly dismissing attorneys and seeking new ones? Or have people been just cycling out for different reasons? He's been pretty consistent with the representation that he's had. Certainly different names of attorneys appear in the record, but at least as presented in the district court petition, there was really maybe one or two different attorneys who had represented a petitioner up to that point. And then he seeks this continuance in April 2021, right as the state is about to go to trial for a different attorney. And again, the state cannot and will not comment on the specific reason why petitioner wanted a continuance, wanted to switch attorneys right before trial. But other district courts- Did the petitioner himself want to switch attorneys? Or was it whoever the staffing folks are with, I don't know whether it's a public defender or not, but whoever it is who assigns attorneys to the petitioner, were they responsible? The most recent continuance, the one from last year, it appeared that petitioner sought to replace the appointed attorneys with private counsel. And that's petitioner's own choice. There is nothing in this record to indicate that the attorneys acting- that are appointed for petitioner are acting against his interest. We presume that counsel acts in the client's best interest here. And we have nothing to the contrary. The length of time to bring civil committees to trial, as other district courts have found, could potentially be a benefit just because being in pretrial detention is still perhaps preferable to being found beyond a reasonable doubt to be a sexually violent predator after a jury trial. That is an indefinite commitment with that labeling of being a sexually violent predator after a jury trial. Is it right that it's an indefinite commitment? I've never seen one get this far. They all seem to be just waiting for their hearings, when they come to us anyway. Isn't opposing counsel correct that if he had had his hearing and had been deemed a sexually violent predator that adjudicated, then he would be entitled to a periodic review? Is that right? He is. And he could also petition under Welfare and Institutions Codes section 6605 for unconditional discharge after this jury trial. But again, once you have been found beyond a reasonable doubt to be a sexually violent predator, it is a much tougher hurdle to overcome that labeling than before a jury finds beyond a reasonable doubt that you are a sexually violent predator. Anything further? So, two possible scenarios. One is this case gets dismissed or the dismissal is affirmed or the abstention is affirmed, and the next day Cruz files a 2241 bringing the probable cause claim. The second scenario is we affirm the district court but remand for Cruz to bring the probable cause claim. Is there any practical difference between those two scenarios? There is a practical difference into how appellate courts respond to district court rulings. And appellate courts like this Ninth Circuit, they do not grant relief or remand based on claims never made below. So, that's just a general rule. I'm talking about just on the ground in terms of how things are going to go in the district court. Any practical difference between those two scenarios? Perhaps there might be, perhaps there might not be. Petitioner might actually have the benefit with bringing a separate pretrial release petition rather than insisting on this instant petition. What would that benefit be? He might have better, be able to better focus his argument and perhaps help the district court actually reach the claim. Whereas in this case, the claim was never made in the first place. Okay. Anything further? Oh, forgive me. No, not for respondents, counsel. Just one quick question. Is he still detained in Coalinga? To the best of my knowledge, yes. Thank you, counsel. May I ask petitioner's counsel, just petitioner's counsel, I'm sorry. I was just going to say, we'll go ahead and put, could you put a minute and a half on the, I think we took you over with some questions. So, please, right ahead. Thank you, Your Honor. Yeah, I don't want to eat up your time. Do you have a record site for where the petitioner brought the probable cause claim in the district court? Yes, if you go to page 152. Are you asking the geographic question? Yes. We're asking the geographic question. Where was it filed? No, no, no. I'm sorry. A record site. Oh. I'm sorry. It's 152 of the ER. 152? Yes, if you go, and one, excuse me, and I'll be a little more specific. 152 is the petition, and he does cite, and I think it may be two or three pages in, that there is material legal error. And I'd also like to clarify, that is not a generalized term. That is a term very specific to SVP proceedings. The SVP case law specifically says that you can attack probable cause, you can attack the evaluations filed, if you can find material legal error. And so he uses those very specific words in his petition.  As you know, because of your experience with Page, this was filed geographically in the right location? Is that right? Yes, it was. It was. It was not filed. Well, there were some problems, but it got to the right court. At this point, it is in the right court. Thank you. Do you have an additional question? I think I saw you nodding, but he's still in the same facility? Yes, he's still in Coalinga. Is the term material legal error a term of art? That we could find in California case law, that would mean lack of probable cause? Yes, and that is in my briefing. I cite those cases that discuss the fact that you can challenge probable cause based on the term of art, material legal error. And that term of art is what he has used in his petition. Anything further, counsel? No, thank you, Your Honor. Thank you both for your arguments and briefing. Very, very helpful. We'll submit this case and go on to the next case on our calendar, please.
judges: CHRISTEN, BRESS, Feinerman